Fuller *v.* Kennebec Mutual Insurance Co.

## FULLER *versus* KENNEBEC MUTUAL INSURANCE COMPANY.

Under a marine policy upon a vessel, to which an accident occured, if the disaster was such as to render a sale by the master necessary, it constituted a constructive total loss.

If the sale by the master was necessary, and warranted by the rules of law, it would, *even without an abandonment,* constitute a technical total loss.

A formal offer to abandon, made *after* such sale, cannot impair the right of sale which the master *previously* had.

The right to sell, as well as the right to abandon, is to be determined by the state of facts, existing at the time. In either case, the rights of the parties become vested, when the sale or the abandonment is properly made.

Though *immediately after the sale,* the vessel was repaired by the purchaser, at the port of disaster, that fact does not prove the sale to have been unnecessary.

The right to abandon is not necessarily lost, by an unwarranted and therefore ineffectual sale by the master.

A jury has a right to decline the finding of any other than a general verdict.

It is not indispensable, that a plaintiff, in order to recover for a total loss, should furnish an adjustment as of a partial loss.

ASSUMPSIT on a valued policy of insurance on the plaintiff's schooner. She met a disaster near Vera Cruz, on the 26th March, 1847. A survey was called, and the vessel was condemned and sold, on the 5th of April. An offer to abandon was made on the 22d of April.

The question was, whether the plaintiff is entitled to recover for a constructive total loss or only for a partial loss.

The following instructions were requested but not given.

1. That the fact that the vessel was, immediately after the accident at Vera Cruz, repaired and carried to New Orleans, and then to Bath, is sufficient proof that the plaintiff might have done the same.

2. That the jury be directed, if they should find a total loss, to specify the items, and the value of each, which go to make up the fifty per cent. of particular loss, and also do the same, if they find a partial loss.

3. That, if the plaintiff had no right to abandon on 22d of April, the master would have no right, by reason of said accident, to sell the vessel at the time he did.

4. That, if they should find the sale was made by the master unnecessarily, the offer to abandon on the 22d of April was of no effect, and does not authorize the plaintiff to recover for a total loss.

5. That the plaintiff is not entitled to recover for a total loss, he not having furnished the defendants before, or at the time of his offer to abandon, nor produced at the trial before the jury, any adjustment as of a partial loss.

The jury found a verdict for the plaintiff for a total loss, which is to be set aside, if either of the said requested instructions ought to have been given.

There was also a motion by the defendants for a new trial, on the ground that the verdict was against evidence and against the weight of evidence.

*F. Allen,* for the defendants.

It is the master's duty to make repairs, when practicable. 3 Sum. 226 ; 9 Pick. 466, 483.

When full repairs cannot be made at the port of disaster, but temporary ones may be, it is the master's duty to make such temporary repairs, and go to the next port for full repairs, if they can be made for fifty per cent. 4 Wend. 45 ; 9 Pick. 483, 486 ; 1 Mason, 241 ; 16 Pick. 303 ; 21 Pick. 456.

In reckoning cost of repairs to make up 50 per cent., $\frac{1}{3}$ is to be deducted, new for old. 3 Sum. 45 ; 11 Pick. 90 ; 1 Phil. 371 ; 11 Mass. 253.

The expenses of navigating the vessel from the port of disaster to the port of necessity, are not to be reckoned in making up the 50 per cent., but are to be placed to the account of general average. 3 Sum. 27.

Also the cost of wages and provisions of men, while the vessel is undergoing repairs. 21 Pick. 472—483 ; 22 Pick. 191—198.

When repaired temporarily at port of disaster, and fully repaired at the port of necessity, the value of the old materials is to be deducted from the bill of full repairs. 3 Sum. 42.

To justify a sale by the master, there must be no alternative and no opportunity to consult the owners. 9 Pick. 466.

The motion for a new trial was very elaborately and learnedly argued by the counsel. But it is not considered to be within the scope of this work to report the evidence, or the arguments upon the evidence, on such motions.

*Evans*, for the plaintiff.

Howard, J. — The only question presented at the trial was, whether the plaintiff was entitled to recover, on a policy of insurance, for a partial, or for a constructive total loss of his vessel.

The verdict was for the plaintiff, for a total loss, under instructions from the court to which no exceptions have been taken, and which must now be deemed to have been appropriate. But, by the terms of the report, the verdict is to be set aside, if any of the requests for instructions, which were refused, should have been granted.

1. Though the vessel was repaired by the purchaser at the port of disaster, and soon after the accident, still that fact does not show that the sale by the master was not necessary and justifiable. If the sale was necessary, under the circumstances in which the vessel was placed by the disaster, it constituted a total loss, and the subsequent success of the purchaser in repairing and navigating her, cannot invalidate the proceedings, and convert the total into a partial loss. *Gordon* v. *Mass. Mutual Fire and Marine Ins. Co.* 2 Pick. 249, 265; *Hall* v. *Franklin Ins. Co.* 9 Pick. 483; 2 Phillips on Ins. 235; *Patapsco Ins. Co.* v. *Southgate*, 5 Peters, 604; 3 Kent's Com, 321, 324, 325; *Peel* v. *Merchant's Ins. Co.* 3 Mason, 27; *Bradlie* v. *The Maryland Ins. Co.* 12 Peters, 378, 397–8; *Holdsworth* v. *Wise*, 7 Barn. & Cress. 794; *Naylor* v. *Taylor*, 9 Barn. & Cress. 718. The right to sell, as well as the right to abandon, is to be determined by the state of facts at the time, and not by subsequent events; and in either case, the rights of the parties become vested when the sale or abandonment is properly made. *Rhinelander* v. *Ins. Co. of Pennsylvania*, 4 Cranch, 29; *Marshall* v. *The Delaware Ins. Co.* 4 Cranch, 202; *The Brig Sarah*

*Ann*, 2 Sumner, 215. This request was therefore properly denied.

2. It might not have been erroneous for the presiding Judge to grant the second request, but he might have declined to do it, as tending to embarrass the jury, and to produce unnecessary delay and perplexity in the proceedings of the court. If this request had been granted, and the instruction given, and the jury had disregarded it, the verdict could not be disturbed on that account; for they had a right to decline finding any other than a general verdict. *Devizes* v. *Clark*, 3 Adol. & Ell. 506; R. S. c. 115, § 66.

3. If the sale by the master was necessary, and warranted by the rules of law, it would constitute a technical total loss, without an abandonment. After such sale, the insured has nothing to abandon, and a subsequent offer to abandon, or an abandonment in form, cannot affect the right to sell. This requested instruction was, therefore, properly refused.

4. If the sale was unnecessary, and if it effected no legal transfer of the vessel, the subsequent offer to abandon, on the 22d of April, might have been effective and sufficient to authorize a recovery for a total loss, if the partial loss exceeded half of the value, and the abandonment had been seasonably and properly made. The right to abandon is not necessarily lost by an attempt to sell.

5. The plaintiff was not required to furnish *an adjustment* as of a partial loss, in order to recover for a total loss, as this request implies. The report of the surveyors, estimating the damages sustained by the vessel, and condemning her, and recommending a sale, was not conclusive upon the underwriters, but the presumption would be in *favor of its* correctness. The plaintiff must establish his right to recover, as in other cases, by evidence, and this he might do with, or without an *adjustment*.

The motion to set aside the verdict cannot prevail. The proof is conclusive that the vessel was injured by the perils of the sea, that the master in good faith called for a survey, that the surveyors, upon examination, condemned the vessel,

and recommended a sale, estimating the cost of repairs at $2980; and that the master acted upon the advice of the surveyors, and sold the vessel at the port of distress, (Vera Cruz,) at auction, for $300.

The testimony does not impeach the conduct of the surveyors, or of the master, but some portions of it tend to show that the cost of repairs might have been less than half of the value. Other portions, however, tend to establish a different conclusion, and we cannot say that the verdict was not justified by the evidence. *Exceptions and motion overruled.*